UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ALVIN THEODORE STEFFIEN,   No. 7-04-10416 MS

    Debtor.
_____

YVETTE GONZALES,
Chapter 7 Trustee,

    Plaintiff,

v.   Adversary No. 08-1081 M

ALVIN THEODORE STEFFIEN,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court following a trial on the merits to consider whether to revoke the discharge received by Defendant Alvin Theodore Steffien (Mr. Steffien) pursuant to 11 U.S.C. § 727(d)(2). At issue is whether Mr. Steffien's failure to turnover to the Chapter 7 Trustee proceeds from the sale of certain real property in which he held a one-third vested remainder interest as of the date of the filing of his bankruptcy petition warrants a revocation of the discharge. After consideration of the parties' arguments and the record of the Mr. Steffien's bankruptcy proceeding, the Court finds that the facts support a revocation of Mr. Steffien's discharge in accordance with 11 U.S.C. § 727(d)(2).

FACTS

Most of the underlying facts are undisputed. Mr. Steffien filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 22, 2004. On Schedule B, Mr. Steffien

1

listed a one-third remainder interest in certain real property subject to a life estate held by his father's surviving spouse, with an "unknown" estimated value. The property is located in Florida with an address of 2407 Forecastle Drive, Palm Harbor, Florida ("Property"). On Schedule C, Mr. Steffien claimed exempt his one-third remainder interest in the life estate, valued at $0.00. The Chapter 7 Trustee questioned Mr. Steffien about his interest in the Property at the meeting of creditors, and Mr. Steffien provided the Chapter 7 Trustee with a copy of the Florida Probate Court Order affirming the life estate of his deceased father's spouse and Mr. Steffien's one-third vested remainder interest in the Property. *See* Exhibit 1. The Chapter 7 Trustee objected to Mr. Steffien's claimed exemptions, and an Order Granting, In Part, and Denying in Part the Trustee's Objection to Exemptions ("Exemption Order") was entered on June 15, 2004. The Order authorized Mr. Steffien to amend his exemptions under 11 U.S.C. § 522(d) to claim a specific dollar amount. Mr. Steffien received a discharge on November 17, 2005.

A little over a year later, Mr. Steffien participated in a transaction whereby his deceased father's spouse deeded her life-estate interest in the Property to the three remainder holders, including Mr. Steffien. Mr. Steffien later executed a limited power of attorney in favor of one of the other two remaindermen so that the Property could be sold and transferred by warranty deed to Patricia Olson. The Property was sold to Ms. Olson on or about October 12, 2007, and Mr. Steffien received $46,964.32, representing one-third of the net proceeds from the sale. Mr. Steffien has not accounted for the proceeds he received from the sale of the Property and has not turned over the proceeds to the Chapter 7 Trustee.

The Chapter 7 Trustee sent a letter to counsel for Mr. Steffien on April 21, 2008,

2

requesting an accounting and turnover of the proceeds Mr. Steffien received from the sale of the Property. *See* Exhibit 12. On May 6, 2008, the Chapter 7 Trustee sent a letter to Mr. Steffien requesting a complete accounting of the proceeds from the sale of the Property and informing Mr. Steffien that if he failed to respond to the Chapter 7 Trustee's request, the Chapter 7 Trustee might file an action to revoke the discharge. *Id.* On June 26, 2008, the Chapter 7 Trustee filed a Motion for Turnover of Property of the Estate, requesting that Mr. Steffien turnover the proceeds from the sale of the Property to the Chapter 7 Trustee in accordance with 11 U.S.C. § 542. *See* Case No. 7-04-10416 MS, Docket No. 70. This adversary proceeding was filed on the same date. Mr. Steffien subsequently filed two amendments to his Schedule C, claiming a dollar amount in his one-third interest in the Property after the expiration of the life estate.[1]

## DISCUSSION

The Chapter 7 Trustee seeks to revoke Mr. Steffien's discharge pursuant to 11 U.S.C. § 727(d)(2), which provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

11 U.S.C. § 727(d)(2).

The Chapter 7 Trustee bears the burden of proving "both the acquisition of property which

---

[1] *See* Amended Schedule C - claiming an exemption in the Property in the amount of $8,917.00 (Docket No. 76); Second Amended Schedule C - claiming an exemption in the Property in the amount of $ 2,167.00 (Docket No. 80). The Chapter 7 Trustee has objected to both amended claims of exemption. *See* Docket No. 77 and Docket No. 81.

3

becomes property of the estate and the knowing and fraudulent failure to either report the acquisition or deliver the property to the trustee" by a preponderance of the evidence.[2] The Court construes revocation of discharge provisions liberally in favor of the debtor, and strictly against the party seeking to revoke the debtor's discharge.[3]

Mr. Steffien's Interest in the Property is Property of the Bankruptcy Estate

Property of the estate under includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case."[4] It is a very broad concept, and includes "'property not subject to possession until some future time.'"[5] It is undisputed in this case that Mr. Steffien held a one-third vested remainder interest in the Property subject to his father's former spouse's life estate interest as of the date of the filing of the bankruptcy. That interest was duly reported in Mr. Steffien's bankruptcy statements and schedules, and constituted

---

[2] *Richardson v. Schoemperlen (In re Schoemperlen),* 332 B.R. 179, 181 (Bankr.C.D.Ill. 2005)(citations omitted). *See also, Yules v. Gillis (In re Gillis),* 403 B.R. 137, 144 (1st Cir. BAP 2009)("The party seeking revocation bears the burden of proving each of these elements by a preponderance of the evidence.")(citing *Grogan v. Garner,* 498 U.S. 279, 289, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)); *In re Bowman,* 173 B.R. 922, 925 (9th Cir. BAP 1994)(applying preponderance of the evidence standard to revocation of discharge action). *See also, First Nat'l Bank of Gordon v. Serafini (In re Serafini),* 938 F.2d 1156, 1157 (10th Cir. 1991)(discharge provisions are subject to the preponderance of the evidence standard).

[3] *See Gillis,* 403 B.R. at 144 (1st Cir. BAP 2009)("because revoking a discharge is an extraordinary remedy, § 727(d) should be construed liberally in favor of the debtor and strictly against those objecting to discharge.")(citations omitted); *Lincoln Nat'l Life Ins. Co. v. Silver (In re Silver),* 367 B.R. 795, 800 (Bankr.D.N.M. 2007), *aff'd,* 378 B.R. 418 (10th Cir. BAP 2007)(stating that "the statute is construed strictly against the objecting party and liberally in favor of the debtor.")(citations omitted).

[4] 11 U.S.C. § 541(a).

[5] *Kovacs v. Sargent (In re Sargent),* 337 B.R. 661, 665 (Bankr.N.D.Ohio 2006)(quoting *Sicherman v. Ohio Public Employees Deferred Compensation Program (In re Leadbetter),* 992 F.2d 1216 (Table), 1993 WL 141068 (6th Cir. 1993)).

4

property of the bankruptcy estate.[6]

Post-petition, Mr. Steffien realized his remainder interest in fee simple when the life-estate holder deeded her interest to Mr. Steffien and the other two remaindermen. He then participated in the sale of the Property to a third party. Mr. Steffien received $46,964.32 from the sale of the Property. Mr. Steffien argues that there are two separate interests at issue here: 1) his one-third remainder interest that existed as of the date of the petition; and 2) the fee simple interest in the Property which came into existence when the holder of the life estate deeded her interest to the remaindermen. Debtor asserts that only that portion of the proceeds attributable to the remainder interest is property of the bankruptcy estate. This Court disagrees.

In *In re Oglesby,* Not Reported in B.R., 2006 WL 3590103 (Bankr.W.D.Ky. 2006), the bankruptcy court considered facts substantially similar to those presented in this case and concluded that the real property which was held by the debtor as of the date of the filing of the petition as a vested remainder interest subject to a life estate in her parents was subject to sale upon the post-petition merger of the remainder interest with the life estate that arose upon the passing of the debtor's surviving parent. *Oglesby,* 2006 WL 3590103 at *2. The *Oglesby* court acknowledged that as of the petition date, only the debtor's remainder interest was included in the bankruptcy estate, "as the filing of bankruptcy does not confer upon the trustee any greater rights in the property than that held by the debtor." *Id.* (citing *Demczyk v. The Mutual Life Ins. Co. of New York (In re Graham Square, Inc.),* 126 F.3d 823, 831 (6th Cir. 1997)). The *Oglesby*

---

[6]*See Sargent,* 337 B.R. at 665 (Bankr.N.D.Ohio 2006)("It is thus well-established that encompassed within estate property will be a debtor's vested remainder interest in a life estate, thereby making the Debtor's remainderman interest in her mother's property subject to administration by the Trustee.")(citing *Rose v. Carlson (In re Rose),* 113 B.R. 534, 537 (W.D.Mo. 1990)(debtor's vested remainder fee interest was property of the bankruptcy estate).

5

court reasoned further that the merger of the life estate with the remainder interest did not create a separate property interest "acquired" after the commencement of the bankruptcy petition. *Id.*[7] Rather, the Trustee possessed the vested remainder interest which evolved to a fee simple interest upon the post-petition death of the life estate holder, so that the change in character and consequent increase in value was available to the Trustee to satisfy the bankruptcy estate. *Id.*

This result is consistent with Florida law.[8] Under Florida law,

> [a] merger takes place when a greater estate and a less "meet in one and the same person, in one and the same right, without any intermediate estate, the lesser estate being thereby merged into the greater. The lesser estate is annihilated or merged into the greater."
>
> *Blocker v. Blocker,* 103 Fla. 285, 294, 137 So. 249, 253 (1931)(quoting *Jackson v. Relf,* 26 Fla. 465, 8 So. 184)(remaining citation omitted)).

In this case, after the filing of the bankruptcy case, the life estate merged with the vested remainder interests upon the voluntary conveyance of the life estate interest to the three vested remaindermen, resulting in Mr. Steffien's one-third fee simple interest in the Property. The merger occurred when Mr. Steffien's vested remainder interest and the life estate met in "one and the same person": the three vested remaindermen. The Property was then sold. As in

---

[7]*But cf. In re Willett,* 544 F.3d 787, 791 n.3 (7th Cir. 2008)(in determining whether to value debtor's interest in property as of the petition date or as of the date the debtor acquired a fee simple interest for purposes of avoiding a judicial lien, the court reasoned that, because property of the estate under 11 U.S.C. § 1306(a)(1) includes after-acquired property, the court had to consider the value as of the date the debtors acquired their fee simple). The *Willett* court did not address the concept of merger of the life estate with the remainder interest, but presumed that the debtors "acquired *a different interest* in the property at issue following initiation of the case." *Id.* at 792, n.4 (emphasis in original).

[8]"Defining 'property of the estate' is a question of federal law[;] however, the nature and extent of a debtor's interest in property is determined by application of state law." *Murrietta v. Fehrs (In re Fehrs),* 391 B.R. 53, 70 (Bankr.D.Idaho 2008)(citing *In re Woods,* 386 B.R. 758, 761 (Bankr.D.Idaho 2008)(citing *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979))(remaining citations omitted)).

6

*Oglesby,* the estate's interest in the Property includes the increase in value that occurred post-petition as the result of the merger of the life estate with the vested remainder. However, because the fee interest did not arise as a result of the death of the holder of the life estate, but occurred due to the voluntary transfer by Mr. Steffien's step mother of her life estate interest, some portion of the proceeds from the sale of the Property is, necessarily, attributable to the value of the life estate. The life estate interest was never property of the bankruptcy estate, and that portion of the Proceeds attributable to the value of the life estate is not subject to administration by the Chapter 7 Trustee.

The fact that Mr. Steffien has claimed an exemption in his interest in the Property has no affect on this analysis. *See Oglesby,* 2006 WL 3590193 at *2 ("Should the debtor's property undergo a change in character thereby increasing in value, this increase is available to the Trustee to be used th satisfy the bankruptcy estate, notwithstanding the debtor's original valuation of the property or any claim of exemption."). Exemptions claimed in property of the estate are not automatic. As explained by the Seventh Circuit in *In re Yonikus,* 974 F.2d 901, 905 (7th Cir. 1992)(citation omitted), "[r]ather than withholding property from the estate, the debtor actually seeks a return of the property from the estate by filing the claim for exemption."[9]

In this case, Mr. Steffien assigned no value to his remainder interest, valuing his exemption in the Property at $0.00 in the statements and schedules filed with his petition. He later amended his Schedule C, but not until after the Chapter 7 Trustee filed this adversary

---

[9]*See also, In re Helsel, Sr.,* 326 B.R. 591, 601 (Bankr.W.D.Pa. 2005)("Exemption of an interest in property, if allowed, withdraws or removes that interest from the bankruptcy estate for the benefit of the debtor.").

7

proceeding. The Chapter Trustee has objected to Mr. Steffien's amended claim of exemption, and no determination has been made as to whether Mr. Steffien can claim an exemption in a portion of the proceeds he received from the sale of the Property. As determined above, a significant portion of the proceeds from the sale of the Property constitute property of Mr. Steffien's bankruptcy estate; the fact that he has claimed an exemption (which has yet to be allowed) does not negate that finding.

<u>Whether Mr. Steffien's Failure to Account or Turnover the Proceeds from the Sale of the Property to the Chapter 7 Trustee was Knowing and Fraudulent</u>

To revoke a debtor's discharge under 11 U.S.C. § 727(d)(2) the Court must be convinced of the debtor's fraudulent intent. *Morris v. Wright (In re Wright),* 371 B.R. 472, 481 (Bankr.D.Kan. 2007). Fraudulent intent for purposes of 11 U.S.C. § 727(d)(2) may be inferred from the debtor's course of conduct and the surrounding circumstances.[10] A knowing and fraudulent failure within the meaning of 11 U.S.C. § 727(d)(2) occurs when a debtor has been given ample notice of his or her duty to report the receipt of estate property to the trustee as well as the consequences of failing to do so, but nevertheless does not report or turnover estate property to the trustee.[11] In addition, "[f]raud may be established by evidence that the debtor

---

[10] *See Hill v. Muniz (In re Muniz),* 320 B.R. 697, 701 (Bankr.D.Colo. 2005)(stating that "[t]he Court may infer the knowing and fraudulent nature of the Debtor's failure to turnover [non-exempt estate property] . . . from her course of conduct.")(citing *Yonikus,* 974 F.2d at 905 and *Farmers Co-op Ass'n v. Strunk*, 671 F.2d 391, 395 (10th Cir. 1982)).

[11] *See, e.g., Muniz,* 320 B.R. at 701 (fraudulent intent inferred based on evidence that the debtor knew of her obligation to surrender her tax refunds to the trustee, failed to report her receipt of the funds to the trustee, and refused to turnover the funds despite the trustee's repeated requests to do so); *Schoemperlen,* 332 B.R. at 181-182 (finding that the debtor knowingly and fraudulently failed to turnover or surrender property of the estate consisting of an inheritance he received within 180 days of the petition that he reported to the Trustee but failed to deliver to the trustee despite advice of his attorney not to spend the money and in violation of court's order

8

was aware of the asset and realized that failure to disclose its acquisition would seriously mislead the trustee." *Helsel,* 326 B.R. at 600 (citing *Yonikus,* 974 F.2d at 905). Finally, "[t]he property not disclosed or turned over, or the failure to disclose, must be 'material'."[12]

There is sufficient evidence before the Court from which the Court can infer that Mr. Steffien knowingly and fraudulently failed to account for or surrender to the Chapter 7 Trustee property of the estate. Mr. Stefffien knew at the meeting of creditors that the Chapter 7 Trustee had questions about his remainder interest in the Property. He failed to place a dollar value on his claimed exemption in the Property until *after* the Chapter 7 Trustee filed this adversary proceeding and the motion for turnover, even though the Exemption Order entered in 2004 provided that he may "amend his claimed exemptions under 11 U.S.C. § 522(d)(5), to claim specific property, in a specific dollar amount, up to the amount allowed by the statute."[13] Given that Mr. Steffien was aware that the Chapter 7 Trustee had inquired about his interest in the Property and objected to his claimed exemption, Mr. Steffien had a duty to report to the Chapter 7 Trustee the sale of the Property from which he realized net proceeds of over $40,000.00. He likewise had a duty to surrender to the Chapter 7 Trustee the proceeds from the sale of such property. The estate property that Mr. Steffien failed to surrender to the Chapter 7 Trustee was material.

Based on the foregoing, the Court concludes that Mr. Steffien's discharge should be

---

directing turnover).

[12]*Silver,* 367 B.R. at 800 (citing *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 112 (1st Cir.1987) and *Marshall v. Wilson (In re Wilson)*, Not Reported in B.R., 2002 WL 1067450 (Bankr.D.N.H.2002), at *6 ("Matters are material if they are pertinent to the discovery of assets.")(citation omitted.)).

[13]*See* Exemption Order, Docket No. 34.

9

revoked under 11 U.S.C. § 727(d)(2). The revocation of the discharge does not relieve Mr. Steffien from his obligation to turnover to the Chapter 7 Trustee the proceeds of the estate's interest in the Property.[14] A judgment will be entered consistent with the findings and conclusions of this Memorandum.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: June 23, 2009

COPY TO:

James A. Askew
Attorney for Plaintiff
PO Box 1888
Albuquerque, NM 87103

Steve H. Mazer
Attorney for Defendant
2501 Yale Blvd. SE, #204
Albuquerque, NM 87106

---

[14]*Cf. Muniz,* 320 B.R. at 702 (stating that "[t]he fact that Debtor's discharge is revoked does not nullify the legal obligations which she voluntarily invoked upon the filing of her bankruptcy petition. She is still obligated to pay over to the Trustee the value of the non-exempt property which she possessed or was entitled to receive as of her petition date . . .")(citations omitted).

10